Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
Christopher B. McKinley (SBN 306087)
christopher.mckinley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:	(650) 849-6600
Facsimile:	(650) 849-6666

Attorneys for Plaintiff FOX FACTORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX FACTORY, INC.,<br><br>                     Plaintiff,<br><br>          v.<br><br>SRAM, LLC,<br><br>                     Defendant. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff FOX Factory, Inc. ("FOX Factory"), by and through its attorneys, and for its Complaint against SRAM, LLC ("SRAM"), alleges as follows:

## NATURE OF THE ACTION

1. This Complaint seeks judgment that SRAM has infringed and continues to infringe FOX Factory's U.S. Patent Nos. 6,135,434 ("the '434 patent") and 6,557,674 ("the '674 patent"). The '434 patent is titled "Shock Absorber with Positive and Negative Gas Spring Chambers." A true and accurate copy of the '434 patent is attached hereto as Exhibit A. The '674 patent is titled "Hydraulic or Hydropneumatic Shock Absorber or Telescopic Suspension, Equipped with Built-In Compensator, Having Small Overall Dimensions, Easy to Carry Out and Highly Reliable." A true and accurate copy of the '674 patent is attached hereto as Exhibit B.

## THE PARTIES

2. Plaintiff FOX Factory is a corporation organized and existing under the laws of California, and has its principle place of business at 915 Disc Drive, Scotts Valley, California 95066.

3. On information and belief, Defendant SRAM is a limited liability company organized and existing under the laws of Delaware and has its principal place of business at 1000 West Fulton, Chicago, Illinois 60607.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

5. A substantial part of the events giving rise to FOX Factory's claims occurred in California and in this judicial district.

6. This Court has personal jurisdiction over SRAM by virtue of, *inter alia*, its systematic and continuous contacts with California and because SRAM infringes the '434 and '674 patents in California and in this judicial district. On information and belief, directly and/or through dealers and intermediaries, Defendant SRAM offers for sale, sells, and distributes bicycle components and accessories in California and in this judicial district, including the products accused of infringement herein.

7.      On information and belief, SRAM does business under the name Rock Shox®, a trademark registered to SRAM, and sells products under that brand.  On information and belief, SRAM maintains a website, www.sram.com/rockshox/, through which it advertises and promotes infringing Rock Shox® branded products, including the Rock Shox® products accused of infringing the '434 and '674 patents herein, to customers in California and in this judicial district.

8.      SRAM's website also identifies distributors and dealers of Rock Shox® products, including the products accused of infringing the '434 and '674 patents herein, in California and in this judicial district.  For example, on information and belief, dealers of SRAM products in this judicial district include, *inter alia*, Sports Authority, Sports Basement, REI, Mike's Bikes, and Bay Area Bikes.  Many other dealers in California and in this judicial district are identified on SRAM's website at the following web address:  www.sram.com/find-dealer/.  On information and belief, SRAM has entered into one or more contracts with its distributors and dealers located and operating in California and in this judicial district for the promotion, offer for sale, sale, and distribution of SRAM's products, including the products accused of infringing the '434 and '674 patents herein, to customers/end users in California and in this judicial district.  Additionally, on information and belief, Rock Shox® products, including the products accused of infringing the '434 and '674 patents herein, are offered for sale and sold through the retailer website www.amazon.com to purchasers in California and in this judicial district.

9.      On information and belief, SRAM's bicycle components, including the products accused of infringement in this Complaint, operate in the manner and possess the structure shown and advertised on SRAM's website and described in SRAM's product documentation posted on its website, including, *inter alia*, in SRAM's Product Service Manuals, User Specifications & Standards, and 2016 Spare Parts Catalog.

10.     On information and belief, SRAM's bicycle components, including the products accused of infringement in this Complaint, are used on bicycles in California and in this judicial district.

11.     On information and belief, SRAM derives substantial revenue from its sales of products, including the Rock Shox® products accused of infringing the '434 and '674 patents herein,

1  in California and in this judicial district, and SRAM purposefully avails itself of the privilege of
2  conducting activities in California, thereby invoking the benefits and protections of the laws of
3  California.  Moreover, SRAM has committed tortious acts of patent infringement that have led to
4  foreseeable harm and injury to FOX Factory, a California corporation headquartered in this judicial
5  district.

6        12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

7  **FACTS**

8        13.     For over thirty years, FOX Factory has been an industry leader in the design and
9  development of high-performance shock absorbers and racing suspension products for mountain
10 bikes, motorcycles, ATVs, UTVs, and off-road cars, trucks, and SUVs.

11       14.     FOX Factory's '434 patent issued on October 24, 2000, and is titled "Shock Absorber
12 with Positive and Negative Gas Spring Chambers."  FOX Factory is the owner by assignment of all
13 right, title, and interest in and to the '434 patent and has the full and exclusive right to bring suit and
14 enforce the '434 patent and to collect damages for infringement.

15       15.     FOX Factory's '674 patent issued on May 6, 2003, and is titled "Hydraulic or
16 Hydropneumatic Shock Absorber or Telescopic Suspension, Equipped with Built-In Compensator,
17 Having Small Overall Dimensions, Easy to Carry Out and Highly Reliable."  FOX Factory is the
18 owner by assignment of all right, title, and interest in and to the '674 patent and has the full and
19 exclusive right to bring suit and enforce the '674 patent and to collect damages for infringement.

20       **A.**     **The Accused SRAM Rear Air Shock Products**

21       16.     On information and belief, SRAM is engaged in the business of designing,
22 developing, offering for sale, selling, and importing into the United States, bicycle rear air shocks
23 including the "Monarch R," "Monarch RL," "Monarch RT," "Monarch RT3," "Monarch XX,"
24 "Monarch Plus R," "Monarch Plus RC3," and "Vivid Air RC2" (collectively, "Accused SRAM Air
25 Shock Products").  On information and belief, SRAM is engaged in the business of designing,
26 developing, offering for sale, selling, and importing into the United States, the "DebonAir Upgrade
27 Kit."

28

17. Each of the Accused SRAM Air Shock Products is a bicycle shock absorber. The Accused SRAM Air Shock Products infringe claims 2 and 9 of the '434 patent. Use of the "DebonAir Upgrade Kit" in conjunction with compatible Accused SRAM Air Shock Products (in accordance with SRAM's design and instructions) also infringes claims 2 and 9 of the '434 patent.

18. The Accused SRAM Air Shock Products have a gas cylinder with first and second gas cylinder ends and the first gas cylinder end is closed. Said gas cylinder has a pressurization port.

19. The Accused SRAM Air Shock Products have a damping unit. The damping unit has a damping fluid cylinder with an outer surface and first and second damping cylinder ends. The damping unit has a movement damping element movably mounted within the damping fluid cylinder. The second end of the damping fluid cylinder is telescopically housed within the gas cylinder.

20. The Accused SRAM Air Shock Products have a shaft connecting the movement damping element and the gas cylinder unit.

21. The Accused SRAM Air Shock Products have a first sliding seal carried by the gas cylinder unit and in sliding fluid-sealing contact with the outer surface of the damping fluid cylinder creating a sealed gas chamber within the gas cylinder.

22. The Accused SRAM Air Shock Products have a second sliding seal carried by the damping unit in fluid-sealing contact with the inner surface of the gas cylinder that divides the gas chamber into first and second gas chamber portions. The first gas chamber portion is defined between the second sliding seal and the first end of the gas cylinder and the second gas chamber portion is defined between the first and second sliding seals.

23. The second gas chamber portion in the Accused SRAM Air Shock Products acts as an air negative spring that automatically balances the force on the damping unit when the gas pressure within the gas chamber is above an ambient pressure so that the shock absorber is in an equilibrium condition.

24. The Accused SRAM Air Shock Products have a bypass channel in the gas cylinder that permits fluid to bypass the second sliding seal when the second sliding seal is at a chosen position along the gas cylinder.

25. On information and belief, SRAM also sells and offers for sale in the United States, and imports into the United States, products for use in conjunction with the Accused SRAM Air Shock Products, including at least the "DebonAir Upgrade Kit." On information and belief, customers who purchase such kits and install them in the United States following SRAM's instructions assemble a shock absorber that directly infringes claims 2 and 9 of the '434 patent.

### B. The Accused SRAM Fork Products

26. On information and belief, SRAM is engaged in the business of designing, developing, offering for sale, selling, and importing into the United States, bicycle forks that include what SRAM refers to as a Charger Damper™, including, *inter alia*, the "Boxxer Team," "Boxxer World Cup," "Lyrik RC," "Lyrik RCT3," "Pike DJ," "Pike RC," and "Pike RCT3" (collectively, "Accused SRAM Fork Products"). On information and belief, SRAM is engaged in the business of designing, developing, offering for sale, selling, and importing into the United States, the "Lyrik 26" Charger Damper Upgrade Kit" and "Boxxer Charger Damper Upgrade Kit."

27. Each of the Accused SRAM Fork Products is a bicycle suspension fork. The Accused SRAM Fork Products infringe at least claims 1-5 of the '674 patent. Use of the "Lyrik 26" Charger Damper Upgrade Kit" and "Boxxer Charger Damper Upgrade Kit" in conjunction with SRAM's compatible fork products (in accordance with SRAM's design and instructions) also infringes claims 1-5 of the '674 patent.

28. The Accused SRAM Fork Products are shock absorbers.

29. The Accused SRAM Fork Products have first and second sliding tubes having lubricating material therein, the first sliding tube is closed at a first end and traversed with lateral seal at a second end by said second sliding tube, and the second sliding tube is closed on a bottom end.

30. The Accused SRAM Fork Products have a cylinder axially positioned within the sliding tubes, such that the cylinder is closed at a first end and fastened to the first end of the first sliding tube, and the cylinder has dampening fluid therein.

31. The Accused SRAM Fork Products have a stem having a piston at one end thereof, and the stem is axially positioned with lateral seal within the cylinder such that first and second

chambers are formed within the cylinder.  Said piston in the Accused SRAM Fork Products has at least one valve, which is a one-directional valve, that allows the flow of dampening fluid between the first and second chambers.

32. The Accused SRAM Fork Products have a compensator axially positioned around and secured to the first end of the cylinder such that a third chamber is formed there between.

33. The Accused SRAM Fork Products have a cylinder with at least one opening in the region of the compensator to allow dampening fluid to flow between the second and third chambers.

34. The Accused SRAM Fork Products allow dampening fluid to flow from the second chamber into the first and third chambers during compression of the shock absorber.

35. The Accused SRAM Fork Products allow dampening fluid to flow from the first and third chambers into the second chamber during expansion of the shock absorber.

36. The Accused SRAM Fork Products have a compensator made from flexible material.

37. SRAM also sells and offers for sale in the United States, and imports into the United States, products for use in conjunction with SRAM fork products, including at least the "Boxxer Charger Damper Upgrade Kit" and the "Lyrik 26" Charger Damper Upgrade Kit."  On information and belief, customers who purchase such kits and install them following SRAM's instructions assemble a suspension fork that directly infringes claims 1-5 of the '674 patent.

## COUNT I

## Infringement of U.S. Patent No. 6,135,434

38. FOX Factory incorporates by reference each and every allegation set forth in the foregoing paragraphs 1 through 37 of this Complaint as if fully set forth and restated herein.

39. SRAM, without the authority or consent of FOX Factory, has been and continues to offer to sell and sell in the United States, and import into the United States, the Accused SRAM Air Shock Products, which infringe claims 2 and 9 of the '434 patent.  Thus, SRAM has directly infringed and continues to directly infringe the '434 patent.

40. At least as of the filing of this Compliant, SRAM has knowledge of the '434 patent, and, on information and belief, has induced and continues to induce direct infringement of the '434 patent by aiding and abetting infringement by its distributors, dealers, and customers in the United

States.  On information and belief, SRAM has intentionally taken action that has actually induced and continues to induce direct infringement by its distributors, dealers, and customers in the United States, and has known that the acts it has been and that it is causing infringe the '434 patent.  These acts include, but are not limited to, SRAM's promotion and instruction on its website and, on information and belief, its contracts and agreements with distributors and dealers for the promotion, offers to sell, and sales of the Accused SRAM Air Shock Products and the "DebonAir Upgrade Kit" in the United States.

41. At least as of the filing of this Compliant, SRAM has knowledge of the '434 patent and has contributed to and continues to contribute to direct infringement of the '434 patent by supplying an important (material) component of the infringing products (as well as instructions for same) to customers in the United States, the "DebonAir Upgrade Kit," which is not a common component suitable for non-infringing use.  On information and belief, SRAM supplies the "DebonAir Upgrade Kit" with knowledge of the '434 patent and knowledge that the "DebonAir Upgrade Kit" was especially made or adapted for use in an infringing manner, and that distributors, dealers, and customers directly infringe the '434 patent in the United States when using the "DebonAir Upgrade Kit" with SRAM's Accused Air Shock Products in accordance with SRAM's design and instructions.

42. SRAM's infringement of the '434 patent has caused and continues to cause damages and irreparable harm to FOX Factory.

## COUNT II

### Infringement of U.S. Patent No. 6,557,674

43. FOX Factory incorporates by reference each and every allegation set forth in the foregoing paragraphs 1 through 42 of this Complaint as if fully set forth and restated herein.

44. SRAM, without the authority or consent of FOX Factory, has been and continues to offer to sell and sell in the United States, and import into the United States, Accused SRAM Fork Products that infringe at least claims 1-5 of the '674 patent.  Thus, SRAM has directly infringed and continues to directly infringe the '674 patent.

45. At least as of the filing of this Compliant, SRAM has knowledge of the '674 patent, and, on information and belief, has induced and continues to induce direct infringement of the '674 patent by aiding and abetting infringement by its distributors, dealers, and customers in the United States. On information and belief, SRAM has intentionally taken action that has actually induced and continues to induce direct infringement by its distributors, dealers, and customers in the United States, and has known that the acts it has been and that it is causing infringe the '674 patent. These acts include, but are not limited to, SRAM's promotion and instruction on its website and, on information and belief, its contracts and agreements with distributors and dealers for the promotion, offers to sell, and sales of the "Boxxer Charger Damper Upgrade Kit" and "Lyrik 26" Charger Damper Upgrade Kit" in the United States.

46. At least as of the filing of this Compliant, SRAM has knowledge of the '674 patent and has contributed to and continues to contribute to direct infringement of the '674 patent by supplying an important (material) component of the infringing products (as well as instructions for same) to customers in the United States, the "Boxxer Charger Damper Upgrade Kit" and "Lyrik 26" Charger Damper Upgrade Kit" which are not common components suitable for non-infringing use. On information and belief, SRAM supplies the "Boxxer Charger Damper Upgrade Kit" and "Lyrik 26" Charger Damper Upgrade Kit" with knowledge of the '674 patent and knowledge that said products were especially made or adapted for use in an infringing manner, and that distributors, dealers, and customers directly infringe the '674 patent in the United States when using the "Boxxer Charger Damper Upgrade Kit" and "Lyrik 26" Charger Damper Upgrade Kit" with SRAM fork products in accordance with SRAM's design and instructions.

47. SRAM's infringement of the '674 patent has caused and continues to cause damages and irreparable harm to FOX Factory.

**PRAYER**

WHEREFORE, FOX Factory respectfully prays that the Court enter judgment in its favor and award the following relief against SRAM:

A. Enter a judgment in favor of FOX Factory that SRAM has infringed, directly, contributorily, and by inducement, claims 2 and 9 of the '434 patent and claims 1-5 of the '674 patent;

B. Preliminary and permanently enjoin SRAM and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing the '434 patent and the '674 patent;

C. Order that SRAM deliver up for destruction all infringing products in its possession;

D. Award FOX Factory actual damages adequate to compensate for SRAM's infringement pursuant to 35 U.S.C. § 284, in an amount to be determined at trial, as a result of SRAM's infringement of the '434 patent and the '674 patent;

E. Award Fox Factory pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

F. Find this to be an exceptional case and award FOX Factory its costs and attorney's fees under 35 U.S.C. § 285; and

G. Award and grant FOX Factory such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Fox demands a jury trial on all matters triable to a jury.

Dated: January 29, 2016

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By: */s/ Jeffrey D. Smyth*
Jeffrey D. Smyth
Attorneys for Plaintiff
FOX Factory, Inc.