UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX FACTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SRAM, LLC, <br><br> Defendant. | RELATED CASE NOS. <br> 3:16-cv-00506-WHO <br> AND 3:16-cv-03716-WHO <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE** <br><br> Re: 3:16-cv-00506, Dkt. No. 83; <br> 3:16-cv-03716, Dkt. No. 71 |

## INTRODUCTION

Plaintiff FOX Factory, Inc. ("FOX") brought two cases against SRAM, LLC, alleging infringement of its patents. In its recently amended complaints, FOX added Sandleford Limited, Taiwan Branch (Ireland) ("Sandleford") as a defendant. Defendants challenge whether personal jurisdiction exists in this forum. For pleading purposes, FOX has established Sandleford's meaningful contacts with the state of California through an established distribution chain. Defendants failed to demonstrate that the exercise of personal jurisdiction over Sandleford would be unreasonable. Their motions to dismiss the complaints for lack of personal jurisdiction are DENIED.

The amended complaints make no venue allegations. I previously decided that SRAM had waived a challenge to venue because it failed to object in its answer or first responsive motion, and the Supreme Court decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017) does not support an intervening law exception to waiver.

SRAM has now renewed its argument that venue is improper, but it fails to convince me that my earlier decision was wrong. The majority of courts continue to read *TC Heartland* as not changing patent venue law; the motions to dismiss or transfer for improper venue are DENIED.. .

**BACKGROUND**

**I. PROCEDURAL HISTORY**

In January 2016, FOX filed its initial complaint against SRAM for patent infringement of U.S. Patent Nos. 6,135,434 and 6,557,674, pertaining to vehicle shock absorbers.[1] Case No. 3:16-cv-00506-WHO ("FOX I"). In July 2016, FOX filed another complaint against SRAM, alleging infringement of two additional patents, U.S. Patent Nos. 8,226,172 and 8,974,009. Case No. 3:16-cv-03716-WHO ("FOX II"). The two cases were related. Dkt. Nos. 11, 12.

On May 31, 2017, SRAM filed a motion to dismiss or transfer for improper venue due to the May 2017 United States Supreme Court decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017), dealing with patent venue. FOX I, Dkt. No. 59; FOX II, Dkt. No. 45. I denied that motion because SRAM waived its challenge when it failed to object to venue in its answer and since *TC Heartland* did not change patent venue law, an exception to waiver did not apply. Order Denying Mot. to Dismiss or Transfer for Improper Venue ("Prior Order")(FOX I, Dkt. No. 72; FOX II, Dkt. No. 66).

On July 21, 2017, FOX filed motions for leave to amend its complaints to "(1) identif[y] additional SRAM rear air shocks released after the filing of the Original Complaint as accused rear air shocks; (2) add[] as a second named defendant SRAM's wholly-owned subsidiary in Taiwan, which FOX understands manufactures and sells the accused SRAM rear air shocks; and (3) add[] a claim for willful infringement based on information provided by SRAM in the course of discovery." FOX I, Dkt. No. 73 at 2; *see also* FOX II, Dkt. No. 60 at 2 (amending complaint only as to items 1 and 2). SRAM did not oppose the motions, and I granted FOX leave. FOX I, Dkt. No. 78; FOX II, Dkt. No. 67.

On August 22, 2017, FOX filed the amended complaints adding Sandleford and removing

---

[1] The parties subsequently stipulated to dismissal of the '674 patent. FOX I, Dkt. Nos. 56, 57.

2

the section alleging that venue in the Northern District of California was proper. ("Am. Compl.") FOX I First Am. Compl., Dkt. No. 79; FOX II Second Am. Compl., Dkt. No. 70.[2] SRAM moves to dismiss for lack of personal jurisdiction over Sandleford and a motion to dismiss or transfer for improper venue. ("Mot.") FOX I, Dkt. No. 83; FOX II, Dkt. No. 71.[3]

## II. RELEVANT FACTUAL BACKGROUND

FOX is incorporated in California, with its principal place of business in Scotts Valley, California. Am. Compl. ¶ 2. SRAM is a limited liability company organized under the laws of Delaware, with its principal place of business in Chicago, Illinois. *Id.* ¶ 3. FOX alleges that Sandleford is a limited liability company organized under the laws of Taiwan, with its principal place of business in Taiwan, and is a wholly owned subsidiary of Sandleford Limited, which in turn is a wholly owned subsidiary of SRAM. *Id.*¶ 4. On its website, SRAM refers to Sandleford Taiwan's location as its "Asian Headquarters." *Id*. Stanley Day is the Division Head Executive and General Manager of Sandleford and also serves as the Chief Executive Officer of SRAM. FOX I FAC ¶¶ 4, 19; FOX II SAC ¶¶ 4, 17.

According to FOX, Sandleford manufactures, sells, and ships numerous SRAM products accused of infringing the patents-in-suit. Am. Compl. ¶ 12. It sells and ships the infringing products "knowing that they import and/or resell those infringing products to customers … in California[.]" *Id*. Specifically, Sandleford sold infringing products to equipment manufacturer Giant Bicycles, who in turn sells the bicycles with the infringing shocks throughout California, "all with the knowledge of the SRAM defendants." *Id.*

In its briefs and declarations, defendants indicated that FOX misnamed defendant Sandleford; its proper name is Sandleford Limited, which has a branch office in Taiwan. Mot. at 2; *see also* O'Regan Decl. ¶ 2 (FOX I, Dkt. No. 84; FOX II, Dkt. No. 72). A Sandleford director declared that Sandleford does not have any employees, offices, stores, or other physical locations

---

[2] Because the relevant portions of the complaints are identical, I will refer generally to the "Am. Compl." Where there are differences, I will separately cite to each amended complaint.

[3] Because the motions are identical, I will refer generally to the "Mot."

3

in California, nor does it sell to residents or businesses in the state or have a regular and established distribution channel here. O'Regan Decl. ¶¶ 3–6; Supplemental O'Regan Decl. ¶ 2 (FOX I, Dkt. No. 90; FOX II, Dkt. No. 78).[4]  In his Supplemental declaration, O'Regan added that Sandleford does not design or manufacture goods in California, nor does it direct any marketing, advertising, or sales toward the State. Supplemental Decl. ¶¶ 3–4. "[A]ll products Sandleford manufactures that are intended for the North American market are sold to SRAM, LLC, which takes title to those goods in Taiwan." *Id*. ¶ 5. In addition, "Sandleford observes all corporate formalities," and transacts with SRAM at arms-length. *Id*. ¶ 6. And "does not direct the business of SRAM, LLC and has no control over to whom SRAM, LLC sells its products." *Id*. ¶ 7.

## LEGAL STANDARD

### I. PERSONAL JURISDICTION

In the absence of a federal statute guiding personal jurisdiction, the district court applies the law of the forum state. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Id*. For the exercise of personal jurisdiction over a defendant, due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There must "be some act by which the defendant purposefully avails itself of the privilege

---

[4] O'Regan's first declaration focused on Sandleford's lack of contacts in this *district*, as opposed to the forum state of California. *See* O'Regan Decl. ¶¶ 3–6. Attached to its Reply, SRAM included a supplemental declaration that stated, "All the statements I made in paragraphs 3 through 6 of that prior declaration regarding Sandleford's lack of contact with the Northern District of California apply equally to the entire state of California." Supplemental Decl. ¶ 2. O'Regan also provided additional facts in support of SRAM's Reply. *Id*. ¶¶ 3–9. FOX filed an objection to this additional evidence and requested I strike it, or grant FOX leave to file a Sur-Reply, which it attached to its administrative motion. FOX I, Dkt. No. 94; FOX II, Dkt. No. 82. SRAM opposed FOX's administrative motion, and requested that I disregard FOX's Sur-Reply on grounds that the supplemental declaration is not objectionable and FOX's objections included improper argument. FOX I, Dkt. No. 97; FOX II, Dkt. No. 85. I hear both sides' grievances, and GRANT Fox's administrative motion. I considered the Sur-Reply as part of this Order.

of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (internal citations and quotation marks omitted). And, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). "The mere fact that [defendants] can 'foresee' that the article will be circulated and have an effect in [the forum state] is not sufficient for an assertion of jurisdiction." *Id.* at 789.

A court may exercise general or specific jurisdiction. *Boschetto*, 539 F.3d at 1016. General jurisdiction exists when a defendant engages in "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). For specific jurisdiction in patent cases, courts determine whether: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). For the third prong, the burden of proof is on the defendant. *Id*. It must "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Id*. Reasonableness is determined by applying the *Burger King* factors: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477.

"However, the plaintiff must make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) (internal quotation marks omitted). "[U]ncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*,

5

374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks omitted). But the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## II. VENUE

A motion to dismiss for improper venue is governed by Federal Civil Procedure Rule 12(b)(3). If the propriety of venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *See Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). The decision to dismiss for improper venue, or to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

**DISCUSSION**

## I. PERSONAL JURISDICTION OVER SANDLEFORD EXISTS THROUGH THE STREAM OF COMMERCE THEORY

The linchpin of the parties' dispute is whether California may exercise personal jurisdiction over foreign entity Sandleford, which transfers title over the accused products to SRAM in a foreign country, when SRAM in turn sells the accused products to third party distributors that sell the products in California.[5] FOX contends that the answer is yes, because Sandleford expects and knows that the accused products are sold in California through an established distribution chain. Opp'n at 7. Defendants argue that the answer must be no, because SRAM's contacts to California cannot be imputed to Sandleford. *Id*. at 4–5. But defendants fail

---

[5] The parties muddied the issues regarding jurisdiction by their imprecision. Defendants' motion and initial declaration referenced Sandleford's lack of contacts in this district, as opposed to this forum. It attempted to correct the record in reply by stating that the facts "apply equally to the entire state of California." Supplemental O'Regan Decl. ¶ 2. And FOX intermingles allegations relevant to SRAM, even though the motion to dismiss pertains only to Sandleford. *E.g.*, Opp'n at 3 ("SRAM's answer to the original complaint makes it clear that SRAM has distributors and a distribution network for the accused products in California."); *id*. at 5 ("SRAM has distributors and a distribution network in California."); *id*. at 6 ("Sandleford knows that its accused RockShox® products are sold in California retail stores because SRAM's website advertises that the accused products are available for purchase at multiple California retailers.").

to provide any authority to support their contention that an additional step in an established distribution chain is enough to defeat personal jurisdiction.

### A. Meaningful Contacts

"[T]he precise requirements of the stream-of-commerce theory remain unsettled." *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016). The Supreme Court in *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987), was split over whether a nonresident defendant's awareness that its products would foreseeably reach the forum state in the stream of commerce sufficiently establishes minimum contacts necessary for the exercise of jurisdiction to comport with due process. Justice O'Connor, joined by three other justices, decided that foreseeability was insufficient; rather the defendant must purposefully direct activities toward the forum. *Asahi*, 480 U.S. at 112. Justice Brennan, also joined by three justices, disagreed. *Id*. at 117. He reasoned that a defendant aware that its product is marketed in the forum state benefits from its laws and cannot be surprised at the possibility of a lawsuit there. *Id*. Because a decisive test has yet to be announced, courts assessing personal jurisdiction in patent cases have analyzed whether the decision would be the same under either test. *E.g.*, *Polar Electro Oy*, 829 F.3d at 1350 (finding personal jurisdiction exists over foreign entity who purposefully shipped accused products to retailers who knowingly distributed to the forum state); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (finding personal jurisdiction exists when defendants purposefully shipped accused products into the forum through an established distribution channel).

Defendants argue that Sandleford has not purposefully directed its activities to California residents because SRAM's connections with the forum cannot be attributed to Sandleford, and exercising jurisdiction over Sandleford would be unreasonable and unfair. Reply at 2–6. Defendants cite the plurality opinion in *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) to argue that the defendant must target the forum and not just place the goods in question into the stream of commerce predicting that they will reach the forum state. Reply at 3. SRAM insists that Sandleford is disconnected from California because it sells the products to SRAM in Taiwan, which sells the products to independent dealers, which then resell the products in California. *Id.* at

7

4. FOX counters that *McIntyre* is not the correct rule as the Federal Circuit concluded that *McIntyre* did not change personal jurisdiction law and Federal Circuit precedent in *Beverly Hills Fan* continues to be the controlling authority. Sur-Reply at 1-2; *see also Polar Electro Oy*, 829 F.3d at 1349 ("Because *McIntyre* did not produce a majority opinion, we have held that we must follow its narrowest holding, which is what can be distilled from Justice Breyer's concurrence—that the law remains the same after *McIntyre*.")(internal quotation marks omitted).

Regardless of the Federal Circuit's characterization of *McIntyre*, the facts here are not at all similar. Most notably, *McIntyre* was a products liability suit in which the plaintiff attempted to sue a foreign manufacturer in New Jersey state court, even though it never targeted the state and "no more than four machines (the record suggests only one [citation omitted]) … ended up in New Jersey." 564 U.S. at 878. Defendants here do not even attempt to analogize those facts to the case at hand.

According to FOX, the circumstances here are similar to those in *Beverly Hills Fan* and *Polar Electro Oy*, and personal jurisdiction exists in this forum over Sandleford because it knowingly participates in a distribution channel that sends accused products to California. The plaintiff in *Beverly Hills Fan* owned a patent on a ceiling fan design. 21 F.3d at 1560. Ultec, organized in China, manufactured ceiling fans in Taiwan, one of which Beverly alleged infringed its patent. *Id.* Royal, a New Jersey corporation, imported and distributed the accused fans in the United States. *Id.* Beverly sued both Ultec and Royal in the United States District Court for the Eastern District of Virginia. *Id.* Both Ultec and Royal argued lack of personal jurisdiction, but only the analysis with respect to Ultec is relevant here. Ultec sold the fans to intermediaries, such as Royal, which then imported the fans into the United States and, specifically, into Virginia. *Id.* at 1563. The Federal Circuit reversed the district court's decision granting the motion to dismiss, and held that exercising personal jurisdiction over Ultec comported with due process because "the defendants, acting in consort, placed the accused fan in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Id.* at 1566.

I agree with FOX that the facts here are very similar to those in *Beverly Hills Fan*. As in

8

*Beverly Hills Fan,* Sandleford manufactures the accused products in Taiwan and transfers them to SRAM, which sells the products to distributors such as Giant Bicycle that have a facility in California.[6] The products are eventually sold to California consumers at dozens of retail locations.[7] As FOX points out, the only notable distinction is the presence of two intermediaries (SRAM and Giant), as opposed to one. But defendants fail to offer any authority that this difference justifies a decision in their favor.

Defendants did not dispute Sandleford's knowledge that the accused products are sold in California; rather, they focus on Sandleford's existence as a separate corporate entity. This undisputed fact is insufficient to defeat FOX's allegations of meaningful contacts. Sandleford's knowing and intentional placement of the accused products into an established distribution chain targeting California is enough. The assertion that Sandleford does not direct SRAM's business decisions or control to whom it sells does not change this conclusion.

Moreover, it is inconsequential that Sandleford transfers title in Taiwan. *See Polar Electro Oy*, 829 F.3d at 1351 (finding foreign entity purposefully availed itself of forum market even where title was transferred to co-defendant in foreign country). As in *Polar Electro Oy*,

> [Sandleford] did not simply place its products in the stream of commerce, with the products fortuitously reaching [California] as a result of the unilateral effort of [SRAM]. Rather, 'acting in consort' with [SRAM], [Sandleford] deliberately and purposefully shipped the accused products to [California] retailers. *Beverly Hills Fan*, 21 F.3d at 1566. [Sandleford's] active participation in supplying and shipping the accused products to [California] thus constitutes purposeful availment.

*Id*. Similar to Ultec in *Beverly Hills Fan*, Sandleford knew or should have known that the accused products were ending up in California and therefore cannot claim ignorance in regards to personal jurisdiction in California. *See Beverly Hills Fan*, 21 F.3d at 1566.

---

[6] On its website, SRAM lists Giant Bicycle, Inc., based in California, as one of its distributors. Smyth Decl., Ex. A (FOX I, Dkt. No. 87-3; FOX II, Dkt. No. 75-3).

[7] FOX notes that SRAM's website indicates that one of the accused products is available at more than 60 retail locations near Palo Alto, CA. Smyth Decl., Ex. B (FOX I, Dkt. No. 87-4; FOX II, Dkt. No. 75-4).

**B.     Reasonableness**

Under prong three, the exercise of jurisdiction must be reasonable. The burden of proof is on the defendant to demonstrate other considerations that would render jurisdiction unreasonable. *Burger King*, 471 U.S. at 477. The court should look to ensure that the litigation is not "so gravely difficult and inconvenient" that the party is at a severe disadvantage in that forum. *Id.* Sandleford argues that there is a heavy burden on it as an alien defendant due to its lack of physical presence in California. Reply at 6. This sole factor does not "present a compelling case[.]" *Breckenridge Pharm.*, 444 F.3d at 1363.

A quick consideration of the remaining *Burger King* factors shows that the exercise of jurisdiction would not be unreasonable here. California has an interest in adjudicating the dispute because the accused products are sold and distributed throughout the state, FOX has an interest in obtaining relief against both parties in one forum, and allowing one case presents "the most efficient resolution of controversies[.]" *Burger King*, 471 U.S. at 477.

It is not a heavy burden on Sandleford to enter this jurisdiction. *See Beverly Hills Fan*, 21 F.3d at 1568–69 (finding exercise of jurisdiction over Chinese corporation not unreasonable due to transportation options and established relationship with domestic corporation). The motion to dismiss for lack of personal jurisdiction is DENIED.

## II.    MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE IS DENIED

The law of the case doctrine is not a complete bar to reconsideration of matters decided; it "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). The court may reconsider matters decided in cases in which new evidence surfaced, there has been a change of controlling authority, or the previous decision was clearly wrong and would work a manifest injustice. *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991).

As discussed in the earlier Order Denying Motion to Dismiss or Transfer for Improper Venue, the United States Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017), did not alter patent venue law, it only reaffirmed the 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222,

226 (1957). *Id*. at 1517. SRAM contends that two months after my Prior Order, the tide has turned and more district courts have taken the view that *TC Heartland* did indeed alter patent venue law; therefore, an exception to waiver applies. The cases cited by SRAM indicate that some courts have found that a venue challenge was not available before the *TC Heartland* decision, but those are the minority. The majority of cases still hold that patent venue law did not change and no exception to waiver applies.

SRAM contends that the Amended Complaint filed by FOX deleted all venue allegations, conceding that venue is improper. Mot. at 5. FOX responds that it did not reiterate venue allegations in its amended complaints since I issued the order ruling on venue before the amended complaints were submitted. Opp'n at 1. The majority of cases still hold that the *TC Heartland* case did not change venue law, and I see no reason to revisit my Prior Order. SRAM waived its challenge to venue. The motion to dismiss or transfer for improper venue is again DENIED.

## CONCLUSION

Since FOX was able to establish a prima facie case that Sandleford had sufficient minimum contacts with California under a stream of commerce theory and because the jurisdiction would not be unreasonable or unfair, the motion to dismiss for lack of personal jurisdiction is DENIED. Also, as determined in my Prior Order and as the majority of cases hold, *TC Heartland* did not change patent venue law; SRAM waived its objection to venue by not challenging it earlier. The motion to dismiss or transfer for improper venue is DENIED.

**IT IS SO ORDERED.**

Dated: October 11, 2017

William H. Orrick
United States District Judge

11