UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX FACTORY, INC., <br>     Plaintiff, <br> v. <br> SRAM, LLC, <br>     Defendant. | RELATED CASE NOS. <br> 3:16-cv-00506-WHO AND <br> 3:16-CV-03716-WHO <br><br> **ORDER GRANTING LEAVE TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. Nos. 88 (16-506), 76 (16-3716) |

## INTRODUCTION

Fox Factory, Inc. ("FOX") seeks leave to update its infringement contentions to "reflect the current state of the case," which entails incorporating changes from its recently amended complaints, removing infringement allegations related to a patent that is no longer asserted, adding accused products purportedly uncovered through the course of discovery, and adding its own products that practice the patents in suit. Defendants oppose FOX's motion, largely focusing on FOX's lack of diligence in pursuing the requested amendments. This matter is suitable for decision without oral argument, Civil L. R. 7-1(b), and the hearing scheduled for October 25, 2017 is VACATED. Because the proposed changes will not prejudice the defendants, I GRANT FOX's motions.

## BACKGROUND

FOX served its initial Infringement Contentions in accordance with the case schedule and the patent local rules. Case No. 3:16-cv-00506-WHO ("FOX I"), Dkt. No. 35; Case No. 3:16-cv-03716-WHO ("FOX II"), Dkt. No. 27. In February, FOX filed a motion to amend its Infringement Contentions to (1) comply with recent changes to the Patent Local Rules, (2) add new accused

SRAM products, (3) add a claim for willful infringement, (4) add earlier versions of FOX's Float products, and (5) remove an infringement theory pertaining to FOX's '674 patent. FOX I, Dkt. No. 44.[1] SRAM filed a statement of nonopposition. FOX I, Dkt. No. 45; FOX II, Dkt. No. 33. I granted the motions on February 28, 2017. FOX I, Dkt. No. 47; FOX II, Dkt. No. 34.

FOX subsequently moved to file amended complaints in each action, which I granted in August. FOX I, Dkt. No. 78; FOX II, Dkt. No. 67. FOX filed its amended complaints the next day. FOX I First Am. Compl., Dkt. No. 79; FOX II, Second Am. Compl., Dkt. No. 68.

FOX now moves for leave to file amended infringement contentions to reflect developments since its prior contentions. In FOX I, it seeks to (1) add claims against Sandleford Limited (and all SRAM subsidiaries); (2) add four SRAM products accused of infringing the '434 patent; (3) identify additional FOX products practicing the '434 patent; (4) revise the asserted priority date for the '434 patent from February 3, 1998 to April 9, 1998 based on inventor testimony; and (5) remove infringement allegations pertaining to the '674 patent. FOX I Mot. to Amend Infringement Contentions ("FOX I Mot."), Dkt. No. 88. In FOX II, it seeks to (1) add claims against Sandleford Limited (and all SRAM subsidiaries); (2) add additional SRAM products accused of infringing the '172 and '009 patents; and (3) add the conception date to comport with its January 23, 2017 interrogatory responses. FOX II, Dkt. No. 76.

Fact discovery closes on December 20, 2017, expert discovery ends on March 30, 2018, and trial is set to begin September 10, 2018. FOX I, Dkt. No. 53; FOX II, Dkt. No. 41.

**LEGAL STANDARD**

Under the Patent Local Rules, a party may amend its Infringement Contentions by order of the Court upon a timely showing of good cause. Patent L. R. 3-6. Examples that may support a finding of good cause absent undue prejudice to the non-moving party include:

> **(a)** A claim construction by the Court different from that proposed by the party seeking amendment;
> **(b)** Recent discovery of material, prior art despite earlier diligent search; and
> **(c)** Recent discovery of nonpublic information about the Accused

---

[1] In FOX II, FOX sought to amend its Infringement Contentions only to comply with the recently revised Patent Local Rules. FOX II, Dkt. No. 32.

Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

*Id*.

The Federal Circuit "agree[s] with the Northern District of California that 'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The burden is on the movant to establish diligence. *Id*. However, "even if the movant was arguably not diligent," courts may still grant leave to amend. *E.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5–6 (N.D. Cal. Nov. 15, 2012)(allowing amendment absent diligence when omission appeared to be an "honest mistake" not motivated by gamesmanship and when "ample time left on the pretrial clock" and no undue prejudice); *The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008)(finding plaintiff's "overall diligence was not insufficient" when it was diligent in notifying defendant, but not in pursuing amendment with the court).

**DISCUSSION**

FOX seeks to amend its Infringement Contentions in FOX I to (1) add SRAM subsidiaries that allegedly make, sell, and ship the accused products; (2) add four SRAM products accused of infringing the '434 patent; (3) identify additional FOX products practicing the '434 patent; (4) revise the asserted priority date for the '434 patent from February 3, 1998 to April 9, 1998 based on inventor testimony; and (5) remove infringement allegations pertaining to the '674 patent. FOX I Mot. to Amend Infringement Contentions ("FOX I Mot."), Dkt. No. 88. In FOX II, it seeks to (1) add SRAM subsidiaries that allegedly make, sell, and ship the accused products; (2) add additional SRAM products accused of infringing the '172 and '009 patents; and (3) add the conception date to comport with its January 23, 2017 interrogatory responses. FOX II, Dkt. No. 76. Defendants' cursory oppositions object to FOX's attempts to add claims against Sandleford and all SRAM subsidiaries and to add certain accused products because these alterations could and should have been made sooner, and FOX's failure to timely seek these amendments demonstrates a lack of diligence. FOX I Opp'n at 2, Dkt. No. 96; FOX II Opp'n at 2, Dkt. No. 84.

FOX arguably lacked diligence in seeking some of its proposed amendments. The parties

stipulated to remove the '674 patent from FOX I nearly five months before FOX's present motion.[2] FOX I, Dkt. No. 56. And, it could and should have known earlier which of its own products purportedly practice the patents in suit. But it does not wish to add new patent claims or infringement theories, and defendants have not even argued that they are prejudiced by FOX's proposed amendments. Under such circumstances, granting FOX's motions would not contravene the goal of the patent local rules, which were "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l Ltd.*, 467 F.3d at 1364 (internal quotation marks omitted). FOX's motions are GRANTED.

## CONCLUSION

In accordance with the foregoing, FOX's motions to amend its infringement contentions in these related cases are GRANTED.

**IT IS SO ORDERED.**

Dated: October 17, 2017

William H. Orrick
United States District Judge

---

[2] Defendants note FOX's lack of diligence in removing infringement allegations related to the '674 patent, but do not object to this proposed amendment. FOX I Opp'n at 2 n.1.

4